No. 89-118

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

JAMES E. EDWARDS,

        Plaintiff and Respondent,

  -vs-

ROY E. SEVERIN,

        Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    James A. Patten, Billings, Montana

    For Respondent:

    Kenneth D. Tolliver, Billings, Montana

Submitted on Briefs: Oct. 20, 1989

Decided: January 29, 1990

Filed:

_____
/Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiff James Edwards brought suit in the District Court, Thirteenth Judicial District, Yellowstone County, seeking compensatory and punitive damages against Roy Severin for wrongfully denying Edwards and his successor access to Edward's property. In addition, Edwards sought damages for the wrongful logging of lumber on state land leased by Edwards. The District Court found that Severin acted oppressively and maliciously in denying Edwards access, that Severin was guilty of trespass, and awarded Edwards $53,375 in damages. From that judgment, Severin appeals. We affirm in part and reverse in part.

The issues raised by Severin are:

1. Whether Severin has a valid claim to Minnie Island by accretion or otherwise.

2. Whether the District Court erred in ruling Edwards has a prescriptive easement to Minnie Island.

3. Whether the District Court erred in allowing Edwards, as a lessee, damages for removal of timber from Minnie Island.

The property in question is land adjacent to the Yellowstone River near Laurel, Montana, known as Minnie Island situated between the lands of Edwards and Severin. The river channel in this area has undergone several changes since Montana statehood. Ice jams have caused the main channel of the Yellowstone to shift several times. In the past, the Yellowstone had flowed between the properties of Severin and Edwards. Indeed, the old channels seasonally fill with water to this day, restricting access to Edwards' property.

It is clear from the record that Minnie Island began to form in the channel between the parties' lands at some time between 1889 and 1916, when it was first noted by surveyors.

The process by which Minnie Island was formed over the years precludes Severin's claim of ownership by accretion. Under our statutory law, whether a stream is navigable or non-navigable, land formed by imperceptible degrees upon the bank of the stream belongs to the owner of the bank, subject to any existing right-of-way over the bank. Section 70-18-201, MCA. If a stream is navigable, and islands and accumulation of land are formed in the bed of the stream, title to the island or accumulation belongs to the State, where there is no title or prescription to the contrary. Section 70-18-203, MCA. Under the facts of this case, Minnie Island formed in the bed of the Yellowstone River, a navigable stream. Therefore, title to Minnie Island vested in the State, since there is no title or prescription to the contrary. The State has asserted its title to the island by leasing it to Edwards. Severin recognized the State's title by offering to purchase the island from the State.

Further, under our statutory law, if an island forms in a non-navigable stream, it belongs to the owner of the shore where the island forms. Section 70-18-204, MCA. Severin maintains there is no evidence to support the District Court's conclusion that the Yellowstone River is navigable at the place here involved. He further points to Bode v. Rollwitz, et al. (1921), 60 Mont. 481, 199 P. 688, where this Court sustained a decision that the Yellowstone was not navigable at a point shortly downstream from the place here involved. However, as this Court said in Montana Coalition for Stream Access v. Curran (1984), 210 Mont. 38, 682 P.2d 163, 166, citing The Danial Ball (1870), 77 U.S. (10 Wall) 557, 19 L.Ed. 999, the capability of use by the public for

3

purposes of transportation or commerce affords the true criterion of navigability of a stream. In this case there was unrefuted testimony that the river was large enough to float logs, and it is used extensively for organized recreational river floats involving many boats and rafts. The District Court properly considered the river was navigable at this point.

The court correctly determined that Minnie Island was not formed by accretion, and therefore not subject to Severin's claim of ownership. It is an island, albeit one no longer surrounded entirely by water. There are no valid adverse claims to defeat the State's title. Thus, Severin's contention of ownership must fail.

Severin's second issue regarding prescriptive easements to Minnie Island incorrectly assumes the court granted Edwards prescriptive rights to Minnie Island. The District Court's conclusion of law no. 5 states only that Edwards has a prescriptive right to cross the backwater channel in order to reach Minnie Island, which Edwards leased from the State. This sets the stage for damages against Severin for wrongfully refusing Edwards and his successors access to the leased land and Edwards' adjoining property.

The third issue is whether the court erred in granting Edwards damages for removal of timber from Minnie Island by Severin and his successor. Severin maintains that the issue of damages for taking timber is raised for the first time on appeal and may not be considered by this Court. However, the pleadings in this cause sought no such damages. The damage item for timber was clearly outside the issues before the District Court. This Court must address the propriety of such damages.

It is clear that the state of Montana is the owner of Minnie Island. Edwards is a lessee, whose lease grants him

4

grazing rights. No mention is made in the lease as to timber rights. A tenant for years is not afforded timber rights by reason of his tenancy. Section 70-16-104, MCA, allows a tenant to harvest only the "annual products of the soil . . ." Timber rights are not included in this definition.

Edwards maintains that as between him and Severin, the damages for timber taking should stand since Edwards was rightfully in possession. Moreover, Edwards suggests that if such damages are collected by Edwards from Severin, Edwards may be required to pay such monies to the State as the true owner of the property. Edwards, however, has no standing to collect damages for the State. If the taking of the timber by Severin was by trespass and willful or malicious, the State, as true owner has a cause of action against Severin for treble damages. Section 70-16-107, MCA. The State is the only real party in interest as to damages arising out of the taking of timber. We therefore reverse the award of $27,500 for the value of the timber.

In summary, we affirm the damages of $25,875 resulting from Severin's denying Edwards and his successors access, and we reverse the $27,500 award for trespass for taking timber.

Affirmed in part and reversed in part. Each party bears his own costs on appeal.

John C. Sheehy
_____
Justice

We Concur:

J. A. Turnage
_____
Chief Justice

John Conway Harrison
_____

L. C. McKinnon
_____

5

Justices